875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario HERRERA, Defendant-Appellant.
 No. 88-5107.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 14, 1989.
Decided May 3, 1989.
 
 John Edward Drury, Drury & Lerman, for appellant.
 Michael Drew Shepard, Office of the United States Attorney, for Appellee.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Mario Herrera appeals an order of the district court which denied his motion to suppress cocaine found during a search of his person. Under a conditional plea agreement, Herrera pled guilty to possession of cocaine with intent to distribute, but reserved the right to appeal the denial of his suppression motion. We affirm.
 
 
 2
 Herrera was observed by agents of the Drug Enforcement Administration Task Force as he arrived at Washington National Airport on a shuttle flight from New York; he was carrying a nylon shoulder bag and a leather satchel. Because he seemed nervous, the agents followed Hererra as he went to the outer area of the shuttle terminal and made two quick phone calls. When he moved toward the escalator, two of the agents approached him.
 
 
 3
 Detective Floyd Johnston's testimony at the suppression hearing was that he identified himself as a police officer and asked if he could speak with Herrera for a moment. Herrera answered yes, and showed Johnston his plane ticket and driver's license. Johnston then explained that he was part of a drug interdiction team whose job was to stop drugs coming into Washington. He asked if he could search the nylon bag; Herrera gave the bag to Johnston, who then explicitly told Herrera that he did not have to allow the search. Herrera answered that he did not mind. After searching the bag, Johnston asked for and received permission to search the satchel, and then asked if he could search Herrera himself. In response, Herrera raised his arms slightly. During the pat-down, Johnston felt a hard object under Herrera's pants and pulled out a plastic bag filled with a yellowish powder which later field-tested as cocaine. Johnston could feel several more hard objects concealed under Herrera's clothes. Herrera was then arrested. Two more plastic bags of cocaine were found on him.
 
 
 4
 Herrera's testimony differed somewhat; he said that he did not speak English well enough to understand all of what was being said to him and that the agents searched his bags and his person without ever asking his permission. His school records were offered into evidence and an acquaintance who had gone to school with him testified about his lack of fluency in English.
 
 
 5
 Herrera argues in this appeal that he was illegally detained and that his consent to the search of his person was not freely given because he did not know enough English to be able to freely choose to allow the search, because raising his arms was not a clear assent to the search, and because the mere presence of the agents amounted to coercion for Herrera, who was an immigrant and a "confused and ignorant young man."
 
 
 6
 We find no error in the district court's determination, after hearing testimony by Herrera and the agent, that no seizure took place under United States v. Mendenhall, 446 U.S. 544, 553-54 (1980) (seizure within the meaning of the Fourth Amendment occurs when a person is restrained by physical force or show of authority so that he reasonably believes his freedom of movement is curtailed) and Florida v. Royer, 460 U.S. 491, 497 (1983) (Fourth Amendment not violated when agents merely approach individual in a public place and ask him if he is willing to answer some questions). The district court's determination of this issue is essentially factual and should be upheld unless clearly erroneous. United States v. Gooding, 695 F.2d 78, 82 (4th Cir.1982). We do not agree with Herrera's contention that the Mendenhall test should not apply to him.
 
 
 7
 The district court further found that Herrera had voluntarily consented to the search of his person. To the extent that his testimony conflicted with the agent's about whether his permission was requested, the district court's determination is again a factual one which we do not find clearly erroneous. Similarly, the district court's finding that Herrera's knowledge of English was better than he asserted it was at the suppression hearing is supported by evidence presented there which showed that Herrera, now twenty-two, had been in the United States since he was twelve, had passed some of his English courses, had failed courses in Spanish as well as English and, significantly, had responded quickly and appropriately to all the agent's requests. Whether a consent is voluntary is determined by the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). We find that the circumstances of the encounter between Herrera and the agents were non-coercive and support the district court's conclusion that Herrera consented freely to the search of his person.
 
 
 8
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and it would not significantly aid the decisional process. We affirm the district court's order denying Herrera's motion to suppress the evidence seized, and we affirm his conviction.
 
 
 9
 AFFIRMED.